# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Fred Cole, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.  2:21-cv-2288 |
| | ) |
| Midland Credit Management, Inc., a | ) |
| Kansas corporation, | ) |
| | ) |
|     Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Fred Cole, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Fred Cole ("Cole"), is a resident of the State of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for a Credit One Bank account.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. MCM operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Kansas. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant MCM is authorized to conduct business in the State of Kansas, and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant MCM conducts business in Kansas.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed for a Credit One Bank credit card account. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant MCM, which attempted to collect this debt from him by negative credit reporting, and by filing a lawsuit against Mr. Cole in a matter style Midland Credit Management, Inc. v. Fred Cole, No. 21LA02327, Johnson County, Kansas. Unsure about the debt, and unsure about Defendant MCM, Mr. Cole consulted with counsel about his debt issues and the debt that MCM was trying to collect.

8. Accordingly, Mr. Cole's attorney answered the complaint on May 5, 2021. In the Answer to the complaint, Mr. Cole's attorney notified Defendant that Mr. Cole disputed the debt that MCM was trying to collect. A copy of Mr. Cole's Answer and

Affirmative Defenses is attached as Exhibit B.

9. On June 15, 2021, Mr. Cole obtained and reviewed a copy of his Experian credit report, which showed that Defendant MCM had continued to report the debt he allegedly owed for the Credit One Bank account, but had failed to note that this debt was disputed. The pertinent part of Mr. Cole's Experian credit report is attached as Exhibit C.

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, this debt on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that it was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Mr. Cole, and impacted his credit score.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Kalebaugh v. Berman & Rabin, P.A., 43 F.Supp.3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan 2016).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits debt collectors from using any

false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt

4

was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

20.  Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Fred Cole, prays that this Court:

1.  Find that Defendant's collection practices violate the FDCPA;

2.  Enter judgment in favor of Plaintiff Cole, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Fred Cole, demands trial by jury.

    Fred Cole,

    By: /s/ James R. Crump_____
    One of Plaintiff's Attorneys

    By: /s/ David J. Philipps_____
    One of Plaintiff's Attorneys

Dated: June 24, 2021

James R. Crump     (#78704)
Ryan M. Callahan    (#25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

5

6

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6